# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

THOMAS EDWARD KRIESEL, Jr.,
  *Defendant-Appellant.*

No. 09-30160

D.C. No.
3:03-cr-05258-
RBL-1

ORDER

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
May 3, 2010—Seattle, Washington

Filed May 13, 2010

Before: Cynthia Holcomb Hall, Kim McLane Wardlaw and
Ronald M. Gould, Circuit Judges.

---

## COUNSEL

Colin Fieman, Assistant Federal Public Defender, Tacoma, Washington, for defendant-appellant Thomas Edward Kriesel, Jr.

Jenny A. Durkan, United States Attorney, and Helen J. Brunner (argued), Assistant United States Attorney, United States Attorney's Office, Seattle, Washington, for plaintiff-appellee United States of America.

Robert A. Hyde, Rafel Law Group PLLC, Seattle, Washington, and Douglas B. Klunder, ACLU of Washington Founda-

tion, Seattle, Washington, for amicus curiae American Civil Liberties Union of Washington.

---

**ORDER**

Thomas Edward Kriesel, Jr., appeals the district court's denial of his motion brought pursuant to Federal Rule of Criminal Procedure 41(g). The district court had jurisdiction under 28 U.S.C. § 1331. *See United States v. Ibrahim*, 522 F.3d 1003, 1005, 1007 (9th Cir. 2008) (stating that where "there were no criminal proceedings pending at the time of filing, the district court properly treated the [Rule 41(g)] motion as a civil complaint," and "[t]he district court had jurisdiction pursuant to 28 U.S.C. § 1331").

In his motion to the district court, Kriesel sought (1) return of his blood sample and (2) the removal of information derived from that sample entered into the government database of DNA profiles known as the Combined DNA Index System Database ("CODIS"). Kriesel's motion was premised on resolution of the following constitutional question posed by us in prior cases rejecting Fourth Amendment objections to CODIS: "Once those previously on supervised release have wholly cleared their debt to society, the question may be raised, 'Should the CODIS entry be erased?' " *United States v. Kriesel*, 508 F.3d 941, 949 (9th Cir. 2007) (quoting *United States v. Kincade*, 379 F.3d 813, 841 (9th Cir. 2004) (en banc) (Gould, J., concurring in the judgment)). The district court denied the motion, relying on *Kriesel* and *Kincade*, balanced Kriesel's privacy rights against the government's interests, and reasoned that "the government's 'undeniably compelling' and 'monumental' interests in deterring future crimes and solving past crimes outweigh Kriesel's diminished privacy interest in his identifying information even after his supervision has ended." The district court held that "[t]he retention of [Kriesel's] DNA sample and information derived therefrom

in the CODIS database is not unreasonable and does not violate the Fourth Amendment."

On appeal, Kriesel abandoned his pursuit of the constitutional question, raised by us in *Kriesel* and *Kincade*, whether a DNA profile should be removed from CODIS after supervision has ended. Kriesel no longer challenges the government's retention of his CODIS DNA profile and no longer asks that the profile be deleted.[1]

Kriesel's sole contention on appeal is that he is entitled to the return of his blood sample, and has now made clear that his claim "rests on Rule 41(g) rather than the Fourth Amendment." The stand-alone return-of-property issue before us now, when before the district court, was conjoined with and subsumed by Kriesel's constitutional argument. The parties did not address, and the district court did not decide, the key issues relevant to whether Kriesel is entitled to the return of his blood sample under Rule 41(g). These issues include: (1) whether a blood sample is property within the meaning of Rule 41(g); (2) whether Kriesel is aggrieved by the government's retention of his blood sample; (3) an assessment of the government's interest in retaining Kriesel's blood sample; and (4) possibly other issues we do not list here, but that the parties or the district court may view as relevant on remand. *See United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005). We will not resolve these issues for the first time on appeal. *See Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 916 n.27 (9th Cir. 2008).

---

[1]Accordingly, we affirm the part of the district court's order denying this relief. Because no controversy on this issue is before us on appeal, we are without jurisdiction to address, and we express no view on, the merits of the question of whether the Fourth Amendment requires that a CODIS entry be erased once supervised release has ended. We decline to give an advisory opinion on this issue which is not permissible under our Article III jurisdiction. *See Flast v. Cohen*, 392 U.S. 83, 95-97 (1968).

We vacate the district court's order as to Kriesel's Rule 41(g) claim for return of his blood sample and we remand to permit the district court to decide the now-isolated Rule 41(g) issue in the first instance. We remand on an open record so that the parties may provide briefing and evidence on these issues under procedures approved by the district court that are not inconsistent with this order.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.

**IT IS SO ORDERED.**